UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ESTEBAN ALFONSO PLATA AGREDO,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

No.  1:26-cv-02120-DAD-AC

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT

(Doc. Nos. 1, 5)

On March 16, 2026, petitioner Esteban Alfonso Plata Agredo filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  Petitioner alleges that he entered the United States on or about October 13, 2024 without inspection, shortly thereafter he was detained by immigration authorities and then released on parole, and on December 29, 2025, after appearing at the ISAP office as instructed, he was taken into custody without any warning, paperwork, or legitimate reason.  (*Id.* at 2–3.)  Petitioner seeks release and the award of attorney's fees.  (*Id.* at 21.)  On March 18, 2026, petitioner filed a motion for temporary restraining order, and that same day the court set a briefing schedule and directed respondents to substantively address whether any provision of law or fact in this case would distinguish it from

1

this court's decisions in *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025) and *Singh v. Albarran*, No. 1:25-cv-01821-DAD-SCR, 2025 WL 3640678 (E.D. Cal. Dec. 16, 2025).  (Doc. Nos. 5, 6.)

On March 19, 2026, respondents filed their opposition to the pending motion.  (Doc. No. 8.)  Therein, they concede that the cases cited by the court in the order setting a briefing schedule are not distinguishable from the instant action.  (*Id.* at 1.)  Respondents also state that they are amenable to the court ruling on the underlying petition for writ of habeas corpus and that they waive any hearing.  (*Id.*)

Accordingly, pursuant to the court's reasoning as stated in *Rocha Chavarria* and *Singh* and incorporated here, the court will grant in part the pending petition for writ of habeas corpus.

For the reasons explained above,

1.　　Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED in part as follows:

　　　a.　　Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions he was subject to immediately prior to his December 29, 2025 re-detention;

　　　b.　　Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

　　　c.　　Petitioner's request for attorney's fees and costs pursuant to 28 U.S.C. § 2412 is DENIED without prejudice to bringing a properly noticed and supported motion;

2.　　Petitioner's motion for a temporary restraining order (Doc. No. 5) is hereby DENIED as having been rendered moot by this order granting the habeas petition on its merits; and

3.      The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:    **March 20, 2026**                         _Dale A. Drozd_
                                                    DALE A. DROZD
                                                    UNITED STATES DISTRICT JUDGE